# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TOPPERS CABARET, INC. d/b/a | ) | |
| CLOUD NINE GENTLEMAN'S CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | 04-CV-548-JHP-FHM |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC CASUALTY INSURANCE | ) | |
| COMPANY, a North Carolina | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER:

Now before the Court are the Cross Motions for Summary Judgment submitted by the

Plaintiff, Toppers Cabaret, Inc., and the Defendant, Atlantic Casualty Insurance Company.  The

Motions for Summary Judgment were submitted to the Court to resolve this declaratory

judgment action concerning whether the Commercial General Liability Insurance policy entered

into by the parties provides coverage for the underlying personal injury state court action.  For

the reasons stated herein, the Court finds that the insurance policy does not cover the underlying

events, and therefore, the Defendant's Motion for Summary Judgment is hereby GRANTED.

Consequently, the Plaintiff's cross Motion for Summary Judgment is hereby DENIED.

## BACKGROUND:

On the morning of December 2, 2002, at approximately 2:00 A.M. an altercation

occurred in the parking lot of the Defendant, Topper Cabaret, Inc., d/b/a Cloud Nine

Gentleman's Club ("Plaintiff").  This altercation concerned two groups of gentleman who had

been patrons at Cloud 9 prior to it closing that morning.  In the parking lot of Cloud 9 a fight

broke out between two groups of people.  Denver Crandall, a friend from one of the groups,

noticed what was happening across the parking lot and went to the aid of his friends.  Crandall

then tried to pull Josh David Schemm from the fight when he was struck on the head and

immediately fell to the ground.  Another individual involved in the fight summoned the Cloud 9

bouncers to the scene.  The unresponsive Crandall was placed in his friends' car and transported

to the residence of another friend.  Crandall's friends called for emergency help upon arriving at

the residence.  When emergency personnel arrived, Crandal was pronounced dead.

As a result of this altercation, the personal representative of Denver Crandall's estate

filed suit in the Tulsa County District Court alleging wrongful death and negligence.  Plaintiff

then sought insurance coverage from its Commercial General Liability Policy to provide for a

defense in the underlying matter and to satisfy any judgment that might be obtained.  Atlantic

Casualty Insurance Company ("Defendant") denied coverage to the Plaintiff stating that the

policy did not provide coverage for the altercation that occurred.  Plaintiff has since filed suit in

this Court seeking a declaratory judgment that the Defendant must defend and satisfy any

monetary judgment obtained in the underlying civil matter.  The parties have agreed the action

can be decided on cross motions for summary judgment and those motions have been filed and

are now ready for review.

### **DISCUSSION:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro.

56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The court is to "view the evidence and

draw reasonable inferences therefrom in the light most favorable to the nonmoving party" when

it makes this determination. *Simms v. Okla.*, 165 F.3d 1321, 1326 (10th Cir. 1999). And, "if any

part of the prima facie case lacks the sufficient evidence to require submission to the jury,

summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Under this analysis, the presence of a genuine issue of material fact defeats the motion.

A genuine issue of material fact exists when "there is sufficient evidence favoring the

nonmoving party for a jury to return a verdict for that party. *Id. at* 249. Specifically, a fact is

"genuine" if the evidence is significantly probative or more than merely colorable such that a

jury could reasonably return a verdict for the nonmoving party. *Id.* at 248. An issue is

"material" if proof thereof might affect the outcome of the lawsuit as assessed from the

controlling substantive law. *Id.* at 249.

Insurance policies are a contract entered into between the insured and the insurer. *See*

*e.g.* 36 Okla. Stat. § 102. Thus, the language of the policy is to dictate coverage "if the language

is clear and explicit, and does not involve an absurdity." 15 Okla. Stat. § 154; *see also* 15 Okla.

Stat. § 155 ("When a contract is reduced to writing, the intention of the parties is to be

ascertained from the writing alone"). When interpreting a contract, the words contained therein

"are to be understood in their ordinary and popular sense, rather than according to their strict

legal meaning, *unless* . . . a special meaning is given to them by usage." 15 Okla. Stat. § 160.

"An insurance policy, like any other contract of adhesion, is liberally construed, consistent with

the object sought to be accomplished, so as to give a reasonable effect to all of its provisions, if

possible." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991).  The interpretation of an

insurance contract and whether any ambiguities exist is a matter of law to be determined by the

courts.  *See id.*  Finally, if there are any ambiguities or if there are multiple interpretations to the

insurance policy, the courts are to interpret the contract in a manner favorable to the insured and

against the insurance company.  *See id.* at 377.

      The insurance policy at issue between the Plaintiff and the Defendant was entered into on

June 2, 2000.  The policy was later renewed on June 2 of both 2001 and 2002.  Pursuant to the

policy,

> We will pay those sums that the insured becomes legally obligated to pay
> as damages because of "bodily injury" or "property damage" to which this
> insurance applies.  We will have the right and duty to defend the insured
> against any "suit" seeking those damages.  However, we will have no duty
> to defend the insured against any "suit" seeking damages for "bodily
> injury" or "property damage" to which this insurance does not apply.  We
> may, at our discretion, investigate any "occurrence" and settle any claim
> or "suit" that may result.
>
>      .   .   .
>
> This insurance applies to "bodily injury" and "property damage" only if:
> (1) The "bodily injury" or "property damage" is caused by an
> "occurrence" that take[s] place in the "coverage territory"; and
> (2) The "bodily injury" or "property damage" occurs during the policy
> period.

*See* Commercial General Liability Form, CG00010196, attached as Exhibit A to Defendant's

Motion for Summary Judgment and Brief in Support.  The policy specifically defines "bodily

injury" as "bodily injury, sickness or disease sustained by a person, including death resulting

from any of these at any time."  *See id.*  The policy also defines "occurrence" as "as accident,

including continuous or repeated exposure to substantially the same general harmful conditions."

In addition to the coverage terms, the insurance policy provides exclusions to coverage. Particularly important to this case is the exclusion for Assault and Battery. That exclusion provides:

> This insurance does not apply to and we have no duty to defend any claims or "suits" for "bodily injury", "property damage", "personal injury", or "advertising injury" arising in whole or in part out of:
>
> > a) the actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, his employees, patrons or any other person;
> >
> > b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or
> >
> > c) the negligent:
> >
> > > (i) employment;
> > >
> > > (ii) investigation;
> > >
> > > (iii) supervision;
> > >
> > > (iv) training
> > >
> > > (v) retention;
> >
> > of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above.

*See* Commercial General Liability Form, CG00010196, attached as Exhibit A to Defendant's Motion for Summary Judgment and Brief in Support.

In this case, the underlying lawsuit alleges bodily injury and death was sustained by Denver Crandall. Under the clear terms of the insurance contract the death of Crandall as a result of the altercation qualifies as bodily injury. Moreover, the parties do not dispute whether this inquiry has been established by the facts of the underlying litigation.

The parties do, however, argue whether the altercation at Cloud 9 was an "occurrence" as described in the insurance policy.  As the definition states, an occurrence is an accident.  The direct cause of Denver Crandall's death at Cloud 9 was the assault and battery committed on him by Josh Schemm.  Assault and battery is by definition intentional and not accidental.  The Defendant argues that the tort that took place was an assault and battery and that by its very nature is not an accident.  The Plaintiffs argue that because the accidental nature is to be assessed from the eyes of the insured the intentional nature of the assault is not relevant.  Because it is not necessary for the Court to determine the merits of these arguments, the Court declines to decide whether the altercation amounted to an "occurrence" as articulated under the terms of the insurance policy.[1]      The insurance policy's assault and battery exclusion certainly removes the duty of the Defendant to defend or pay for the underlying cause of action.  There is no dispute between the parties that the cause of Denver Crandall's death was the blow to his head in the parking lot at Cloud 9.  Nonetheless, the Plaintiff argues that the underlying cause of action is not one for assault and battery, but instead is one seeking damages for negligent security.  Regardless of what the underlying cause of action is termed, though, the clear language of the insurance policy excludes coverage if the injury "arise[s] in whole *or in part out of*" an assault or battery.  *Id.* (emphasis added).  Here, while the underlying lawsuit claims negligent security at least some

---

[1]  The Court would, however, like to note that the language of the Tenth Circuit's unreported decision in *Sphere Drake Insurance P.L.C. v. D'Errico*, 2001 WL 135670 (2001), while not binding is persuasive and would likely prevent the application of the insurance policy to the underlying cause of action.

part of that claim arises out of an assault and batter.  To be sure, but for the assault and battery, Denver Crandall would not have died that night no matter how deficient the security was at Cloud 9.  Therefore, the bodily injury arose at least in part out of an actual assault and battery and the exclusion applies.

Even if the Plaintiff's argument was correct, though, coverage would still be excluded under the assault and battery exclusion.  Specifically, if the negligent security was the only thing at issue, subsection (b) clearly excludes coverage for that cause of action.  That provision excludes coverage for the "failure of any insured . . . to prevent or suppress assault or battery." *Id.*  The clear language of the policy is suggesting a situation identical to that which is at dispute here.  Specifically, the underlying action is suggesting that the Plaintiff was negligent in not preventing the assault and battery which resulted in Denver Crandall's death.  This falls squarely into the unambiguous, clear language of the insurance policy.

The Plaintiff cites a series of cases where there was a cause of action for negligent security.  However, this is not an action to determine whether such a case exists or is maintainable–that is for the Tulsa County Court–instead this case is to determine whether the insurance policy under its clear language provides coverage for the action in the county court.  Since the underlying cause of action, no matter how it is termed or presented by the parties, falls under the clear and unambiguous language of the exclusion, the Defendant is under no duty to provide coverage.

7

## CONCLUSION:

Therefore, because the insurance policy entered into between Topper Cabaret, Inc., d/b/a

Cloud Nine Gentleman's Club and Atlantic Casualty Insurance Company has a provision which

explicitly and unambiguously excludes coverage for occurrences arising in whole or in part out

of an assault or battery and because the policy also excludes coverage for the failure of the

insured to prevent and assault or battery, the Defendant is under no duty to defend or satisfy any

monetary judgment that might be received in the underlying cause of action.  Thus, the

Defendant's Motion for Summary Judgment is hereby GRANTED and the Plaintiff's Cross

Motion for Summary Judgment is hereby DENIED.


IT IS SO ORDERED this 26th day of July 2005



James H. Payne
United States District Judge
Northern District of Oklahoma

8