**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TOPPERS CABARET, INC., d/b/a CLOUD NINE GENTLEMAN'S CLUB,** | ) ) ) |
| PLAINTIFF, | ) ) ) No. 04-CV-548-JHP-FHM ) |
| **ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina Corporation,** | ) ) ) ) ) |
| DEFENDANT. | ) |

**REPORT AND RECOMMENDATION**

Defendant's Motion for Attorney Fees [Dkt. 17] and Supplemental Application for Attorney Fees [Dkt. 34] have been referred to the undersigned United States Magistrate Judge. During a telephone status hearing, the parties agreed to submit the issues for decision without an in-court hearing. The matter has been fully briefed and is ready for disposition.

The parties do not dispute that Defendant is entitled to an award of reasonable attorney fees as the prevailing party under 36 O.S. § 3629. Plaintiff does, however, object to the hourly rate being requested by Defendant and to specific time entries on Defendant's billing statements.

**Calculation of Attorney Fees**

To calculate a reasonable attorney fee, the court multiplies the reasonable number of hours spent on the litigation by a reasonable hourly rate. The burden of proving the number of hours and rate is on the applicant. *Malloy vs. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The number of hours requested must be proven "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are

sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir. 1998) citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983). The application for a fee award should reflect the exercise of "billing judgment" with respect to the number of hours claimed, excluding from the fee request hours that are redundant, excessive, or otherwise unnecessary. *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998). A reasonable rate is the prevailing market rate in the relevant community. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

The Tenth Circuit has also recognized that it may be unreasonable and practically impossible for the district court to identify hours reasonably expended by billing entry or litigation activity. *Case v. Unified School District No 223*, 157 F.3d 1243, 1250 (10th Cir. 1998). "There is no requirement . . . that district courts identify and justify each disallowed hour. Nor is there any requirement that district courts announce what hours are permitted for each legal task. . . . A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (citations omitted).

## Hourly Rates

Defendant's motion seeks fees based on counsel's "current discount rates" of $255, $205 and $165. These hourly rates are higher than the rates counsel charged Defendant for the services which were $195, $175 and $145. Plaintiff contends the rate should be $140 based on counsel's years of experience.

The Court rejects Defendant's argument that counsel's current rates should be used in setting the fee award. Defendant's citation to *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983) is unpersuasive. In *Ramos*, the Court was addressing fees in a contingent fee context and used current rates to approximate the regular billing and payment in private practice situations. In this case, Defendant was regularly billed and presumably counsel was paid, so the *Ramos* rationale is not applicable.

The Court also rejects Plaintiff's contention that the hourly rate should be that charged by insurance defense law firms. Plaintiff's broad generalization concerning insurance defense firms fails to address the circumstances of this particular case which involved complicated coverage issues regarding a commercial insurance policy. This case is more closely comparable to complex commercial litigation.

Based upon this analysis, the Court concludes that defense counsel should be awarded fees using the hourly rates actually billed to Defendant. These rates are in keeping with the rates reflected in the rate survey submitted by Defendant and consistent with the rates the Court is familiar with in this district for this type of litigation.

### Plaintiff's Specific Objections to Time Entries

The Court has reviewed the specific objections to time entries contained on pages 2 through 6 of Plaintiff's Response. [Dkt. 28]. The Court finds merit to six of the objections which are discussed herein. The remaining objections are denied as the Court finds those time entries to be reasonable and appropriate.

The two entries on July 30, 2004, by JFS totaling 1.3 hours are a duplication of work already performed by others. The entry by LBL for .5 hours on August 2, 2004, is also a duplication of work already performed by others. The entry by CSJ for 3.5 hours on August

2, 2004, and the entry by CSJ for 2.5 hours on August 3, 2004, lack sufficient detail and appear to be work already performed by others. Finally, the entry by WAH for 3.7 hours on August 4, 2004, lacks sufficient detail to determine the reasonableness of the time.

The undersigned, therefore, recommends that the foregoing six time entries be deducted from Defendant's fee award.

### Defendant's Supplemental Application

Although Plaintiff did not specifically address Defendant's Supplemental Application, there does not appear to be any dispute that Defendant is entitled to reasonable fees for time spent in presenting its application for fees. *State ex rel. Burk v. Oklahoma City*, 598 P.2d 659 (Okl. 1979), 1979 OK 115, 117.

The Court has reviewed the billing statement and determined that some of the time was not reasonably expended. Legal Assistant WAH spent 16 hours over 5 days working on the exhibits and affidavits in support of the motion for fees. The exhibits were letters from the file and the billing statements. This amount of time is not reasonable. The undersigned recommends a reduction of 8 hours.

Attorney MFB spent 7.7 hours reviewing and revising the 10-page motion for attorney fees which Attorney JFS spent 16.5 hours preparing. While it is proper for more senior attorneys to review the work done by others, all of this time is not reasonable. The undersigned recommends a 3.7 hours reduction in MFB's time.

### CONCLUSION

After the reductions discussed herein, the resulting fees are reasonable and the undersigned RECOMMENDS that fees be awarded as follows:

4

### Defendant's Motion for Attorney Fees [Dkt. 17]

<u>Attorney</u>

| | | |
|---|---|---:|
| LBL | 17.6 hrs - .5 hrs = 17.1 hrs @ $195: | 3,334.50 |
| MFB | 107.2 hrs @ $175: | 18,760.00 |
| JFS | 1.7 hrs - 1.3 hrs = .4 hours @ $145: | 58.00 |
| | Subtotal | $22,152.50 |

<u>Legal Asst</u>.

| | | |
|---|---|---:|
| CSJ | 11 hrs. - 6 hrs = 5 hrs @ $105: | 525.00 |
| WAH | 3.7 hrs - 3.7 hrs = 0 hrs | -0- |
| | Subtotal | $22,677.50 |
| Costs: | | 562.58 |
| | Subtotal | $23,240.08 |

### Defendant's Supplemental Application [Dkt. 34]

<u>Attorney</u>

| | | |
|---|---|---:|
| LBL | .9 hrs @ $255: | 229.50 |
| MFB | 17.1 hrs - 3.7 hrs = 13.4 hrs @ $205: | 2,747.00 |
| JFS | 20.8 hrs @ $165 | 3,432.00 |
| | Subtotal | $6,408.50 |

<u>Legal Asst</u>.

| | | |
|---|---|---:|
| WAH | 16 hrs - 8 hrs = 8hrs @$105: | 804.00 |
| | Subtotal | $7,248.50 |
| | Subtotal from Application | $23,240.08 |
| | TOTAL | $30,488.58 |

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the District Judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the Magistrate Judge's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

Submitted this 9th day of January, 2006.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE